
FILED
June 03, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002678891

1  DONALD H. CRAM, III (State Bar No. 160004)
   ADAM N. BARASCH (State Bar No. 158220)
2  BERNARD J. KORNBERG (State Bar No. 252006)
   MARK D. LONERGAN (State Bar No. 143622)
3  SEVERSON & WERSON, P.C.
   One Embarcadero Center, Suite 2600
4  San Francisco, CA  94111
   Telephone:  (415) 677-5533
5  Facsimile:   (415) 677-5664
   Email: anb@severson. com
6
   Attorneys for Movant
7  WELLS FARGO DEALER SERVICES, INC.,
   FKA WACHOVIA DEALER SERVICES, INC.
8

9                       UNITED STATES BANKRUPTCY COURT
                         EASTERN DISTRICT OF CALIFORNIA
10                               FRESNO DIVISION

11 In re                          )  Case No.  10-14035-A-7
   VIDAL CORONA and MINERVA       )
12 NUNEZ,                         )  DC No.: SW-1
                                  )
13         Debtor(s),             )  Chapter 7
   WELLS FARGO DEALER             )
14 SERVICES, INC., FKA            )  Date:   6/22/2010
   WACHOVIA DEALER SERVICES,      )  Time:   01:30 PM
15 INC.,                          )  Judge:  Hon. Whitney Rimel
                                  )  Place:  2500 Tulare Street
16         Movant,                )          5th Floor, Dept. A, Courtroom 11
                                  )          Fresno, CA 93721
17     vs.                        )
   VIDAL CORONA and MINERVA       )
18 NUNEZ, Debtor(s) and SHERYL    )
   ANN STRAIN, Chapter 7 Trustee, )
19        Respondents.            )
                                  )
20
      WELLS FARGO DEALER SERVICES, INC., FKA WACHOVIA DEALER SERVICES,
21              INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY

22         Wells Fargo Dealer Services, Inc., fka Wachovia Dealer Services, Inc. (hereinafter

23 "Movant") hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. §

24 362(d)(1) for cause on the grounds that Debtor has defaulted on the obligations secured by the

25 Vehicle and Movant's interest in the Vehicle is not adequately protected.  Movant also seeks

26 relief pursuant to 11 U.S.C. §362(d)(2) on the grounds that there is no equity in the Vehicle for

27 the Debtor or the estate and it is not necessary for the Debtor's effective reorganization.

28 //

1         This motion is brought pursuant to Local Bankruptcy Rule 4001-1and 9014-1(f)(2) of the
2 Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California and
3 is supported by the concurrently filed notice and declaration, as well as all other papers and
4 pleadings on file in the Debtor's bankruptcy case, and such other evidence as may be filed prior
5 to, or presented at, the hearing(s) in this matter.

## STATEMENT OF FACTS:

7         The factual allegations herein are supported by the concurrently filed declaration of Julie
8 Becking.

9         On or about 7/1/2007, Debtor and Movant's predecessor in interest ("Dealer") entered into
10 a Motor Vehicle Contract and Security Agreement ("Contract") for the purchase of a 2004 Nissan
11 Titan, Vehicle Identification No. 1N6AA07A54N524508 ("Vehicle").  The Dealer then assigned
12 the Contract and Vehicle Title to Movant.  A true and correct copy of the Contract is attached to
13 the accompanying Exhibit Document as <u>Exhibit A</u>.  Movant perfected its security interest in the
14 Vehicle by recording its lien on the certificate of title to the Vehicle.  A true and correct copy of
15 the Motor Vehicle Registration Report evidencing Movant's lien in the Vehicle is attached to the
16 accompanying Exhibit Document as <u>Exhibit B</u>.

17         Pursuant to the terms of the Contract, Debtor is obligated to pay Movant 72 monthly
18 payments of $397.35 on or before the 31st day of each month.  The Contract also provides that
19 Debtor will pay Movant's collection costs, including any reasonable attorneys' fees and court
20 costs.

21         On 4/16/2010, Debtor filed a petition for relief under Chapter 7.

22         Debtor has defaulted under the Contract and Movant's records reflect that the Debtor's
23 account is currently due for the month(s) of 12/31/2009 forward with payment defaults totaling
24 $2,384.10 plus attorneys fees and costs.  The remaining sums owing under the Contract, including
25 accrued and unpaid charges, total $14,212.33.

26 //
27 //
28 //

30000/0000/815754.1
Corona 30000-4358         Motion for Relief From Stay         page 2

## ARGUMENT:

**Movant Is Entitled To Relief From The Automatic Stay For Cause, Including Lack Of Adequate Protection.**

Movant is entitled to relief from stay for cause pursuant to 11 U.S.C. § 362(d)(1). Debtor is in default under the terms of the Contract, the Vehicle is a rapidly depreciating asset, and Movant is not receiving adequate protection for its collateral. Debtor is delinquent in the monthly payments under the Contract.

**Movant Is Entitled To Relief From The Automatic Stay Because There Is Little Or No Equity In The Vehicle For The Estate Or The Debtor And The Vehicle Is Not Necessary For An Effective Reorganization.**

Movant is entitled to relief from stay pursuant to 11 U.S.C. § 362(d)(2). The Debtor's valuation of the Vehicle is approximately $7,865.00. A true and correct copy of the Vehicle valuation is attached to the accompanying Exhibit Document as <u>Exhibit C</u> and incorporated herein by this reference. Thus, when compared to the $14,212.33 currently due on the Debtor's account, there is little or no equity in the Vehicle for Debtor or the estate, and the Vehicle is not necessary for the Debtor's effective reorganization.

## CONCLUSION:

For the reasons set forth above, Movant respectfully requests that this Court:

A. Issue an order granting relief from the automatic stay authorizing Movant to repossess and/or dispose of the Vehicle in accordance with applicable non-bankruptcy law;

B. Waive the fourteen day waiting period under Bankruptcy Rule 4001(a)(3); and

C. For such other and further relief as this Court deems necessary and proper.

DATED: June 3, 2010

        SEVERSON & WERSON, P.C.

        By:   /s/ Adam N. Barasch
        Adam N. Barasch / Bernard J. Kornberg

        Attorneys for Wells Fargo Dealer Services, Inc., fka Wachovia Dealer Services, Inc.